UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW VAUGHN, JR.,<br><br>    Defendant. | Case No. 93-cr-40063-JPG |

**MEMORANDUM AND ORDER**

      This matter comes before the Court on defense counsel's Motion (Doc. 462) to withdraw. Following Defendant Andrew Vaughn Jr.'s guilty plea in this matter, the Federal Public Defender explored whether he qualified for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10. Vaughn's counsel eventually filed the instant motion, wherein she argues any reduction would now be moot as Vaughn is currently on supervised release. Despite the allowance of a response period by this Court (*see* Doc. 463), neither Vaughn nor the Government responded to defense counsel's motion.

      Vaughn pled guilty to one count of conspiracy to distribute cocaine base and one count of distribution of cocaine base. At sentencing, the Court found by a preponderance of the evidence that Vaughn's relevant conduct yielded a base offense level of 36. Vaughn's base offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. Considering Vaughn's criminal history category of III, this yielded a sentencing range of 168 to 210 months imprisonment. Ultimately, the Court imposed a sentence of 168 months for each count to run concurrently.

      Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied* 129 S. Ct. 2817 (2009).

      Here, the Court need not address either criterion.  Custody is a prerequisite to reduction analysis.  Since Vaughn has served his term of imprisonment and is currently serving his term of supervised release, any request or finding of reduction would be moot.

      Accordingly, the Court **GRANTS** defense counsel's Motion (Doc. 462) to withdraw.

**IT IS SO ORDERED.**
**DATED: March 3, 2010**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**